TAYLOR CADLE,

      Plaintiff,

v.                                                           Case No. 8:25-cv-2790-KKM-SPF

GRADY JUDD, *in his individual*
*capacity and official capacity*,
MELISSA TURNAGE, *in her*
*individual capacity*, et al.,

      Defendants.

_____

## <u>ORDER</u>

In an earlier order resolving a motion to dismiss, I concluded that the plaintiff's Section 1983 claims were timely, despite falling outside of Florida's statutory period of repose. I based that ruling on Eleventh Circuit precedent that concluded Alabama's judicially-created rule of repose did not apply to Section 1981 and 1982 claims in that state, although Alabama's statutory tolling provision did. *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209 (2001). But Florida law differs markedly from that considered in *Moore*, most notably in that the Florida legislature collapsed the applicable tolling and repose provisions into the same statutory subsection, separate from Florida's statute

of limitations provision.  As such, there "is substantial ground for difference of opinion" on my ruling, and the timeliness of the plaintiff's Section 1983 claims presents "a controlling question of law" concerning an important federal statute. 28 U.S.C. § 1292(b). Indeed, if I had ruled in favor of the defendants' position on the timeliness question, it would preclude all Section 1983 claims and thereby deprive the action of federal question jurisdiction. As such, I conclude that "an immediate appeal from the order may materially advance the ultimate termination of the litigation," and I amend the earlier order to include that the necessary conditions are met for interlocutory appeal under 28 U.S.C. § 1292(b). *See* FED. R. APP. P. 5(a)(3).

## I.    BACKGROUND

Plaintiff Taylor Cadle sues the Polk County Sheriff and Polk County Sheriff's Office detectives (PCSO Defendants) under 28 U.S.C. § 1983. *See* Am. Compl. (Doc. 14). On April 14, 2026, I granted in part and denied in part the PCSO Defendants' motion to dismiss. *See Cadle v. Judd*, No. 8:25-CV-2790-KKM-SPF, 2026 WL 1004604 (M.D. Fla. Apr. 14, 2026) (Order).

The motion involved a threshold legal issue concerning the timeliness of the Section 1983 claims against the PCSO Defendants. Because Section 1983 does not provide a limitations period, the federal cause of action borrows the forum state's personal injury statute of limitations. *See Doe as Next Friend of Doe #6 v. Swearingen*, 51 F.4th 1295, 1302–03 (11th Cir. 2022). Federal courts

also "have generally referred to state law for tolling rules." *Wallace v. Kato*, 549 U.S. 384, 394 (2007). Here, the question concerned which portions of Florida law should control the timeliness of Cadle's Section 1983 claims, in particular, whether to apply the statutory period of repose located in the same subsection as Florida's tolling period. Based on the Eleventh Circuit's reasoning in *Moore v. Liberty National Life Insurance Company*, 267 F.3d 1209 (2001), I concluded no and that Cadle's claims were timely. *See* Order at *4–6. But I noted that "this case presents a closer question than in *Moore*, where the court considered whether to apply Alabama's common law repose period to the statutory limitations period." *Id.* at *6 (citing *Moore*, 267 F.3d at 1213). "In contrast, the repose period in Florida is in the same statute—the same subsection, no less—as the provision that tolls the statute of limitations." *Id.* Nonetheless, I ruled that *Moore*'s reasoning controlled and denied the motion to dismiss as to all claims except for those against the Sheriff in his official capacity, which I dismissed with leave to amend based on qualified immunity. *See id.* at *10.

## II. LEGAL STANDARD

Section 1292 of Title 28 governs the jurisdiction of federal courts over interlocutory appeals. Under 28 U.S.C § 1292(b), when a district judge enters a non-appealable order in a civil case and believes that the order concerns a question that warrants immediate appellate review, the judge "shall so state

3

in writing," either "in such order," *id.*, or by amending the order, *see* FED. R. APP. P. 5(a)(3). To warrant an appeal, the order must "involve[] a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). "[A] controlling question of law is an issue of 'pure law' that can be decided 'quickly and cleanly without having to study the record.'" *In re Yormak*, No. 2:17–CV–73–FTM–38, 2017 WL 2645601, at \*2 (M.D. Fla. June 19, 2017) (quoting *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004)). Likewise, the action must be such that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). A party has ten days from entry of the order (or amended order) to appeal. *Id.*; FED. R. APP. P. 5(a)(1).

## III.   ANALYSIS

The Order involves a controlling, unsettled, and pure question of law that is dispositive of the federal claims. The question has broad application across Section 1983 litigation in Florida. Indeed, the Eleventh Circuit accepted an interlocutory appeal on a similar question in *Moore*. *See* 267 F.3d at 1212. Interlocutory appeal is appropriate in this context to resolve the threshold question of which parts of Florida law inform the timeliness of Section 1983 actions in this State.

**A. The order involves a controlling issue of law and an immediate appeal will advance the litigation**

The issue presented, whether a state's statutory rule of repose applies to a claim arising under the Reconstruction Civil Rights Act, is "an issue of law that is reviewed de novo." *See Moore*, 267 F.3d at 1213. The appellate court can decide it quickly and cleanly, as there are no factual disputes about Florida's tolling provision or the period of repose. *See* Order at *4. And the parties agree that Cadle's claims otherwise qualify under the applicable statute of limitations and that she was a qualifying minor under the tolling provision. *See id.* The only issue is whether Florida's statutory rule of repose applies to Section 1983 claims.

The question is dispositive of this federal action. The PCSO Defendants raised the rule of repose as a defense to all claims against them. *See id.* at *5. If the rule of repose rendered those claims untimely,[1] then only state-law torts

---

[1] Cadle's other arguments for timeliness lack merit under well-settled case law.

First, Cadle contends that her claims did not accrue until recently because she could not have known the cause or the "extent of constitutional violations" until later "investigations revealed systemic deficiencies [at the PCSO]." Resp. (Doc. 43) at 7. But accrual for Section 1983 claims depends only on whether she knew or had reason to know she was injured and who inflicted the injury, neither of which she disputes. *See McGroarty v. Swearingen*, 977 F.3d 1302, 1309 (11th Cir. 2020).

Second, Cadle argues that Florida's statute of limitations for actions related to the sexual assault of minors governs. *See* (Doc. 64); § 95.11(9), Fla. Stat. (2022). But the Supreme Court long ago rejected a tort-specific state analogue inquiry for applying a particular statute of limitations and instead adopted the rule that federal courts must borrow the forum state's general or residual personal injury statute of limitations for

remain against an incarcerated and defaulted defendant, over which I would decline to exercise supplemental jurisdiction. *See* Am. Compl. (Doc. 14).

Moreover, the complexity of the action warrants immediate appeal. Cadle alleges wrongdoing at the PCSO spanning years and involving many individuals. The allegations, which concern the handling of a child sexual abuse investigation, involve particularly sensitive matters. Quick resolution of this dispositive question at the outset best serves the parties and the public interest before spending years in litigation, only to risk reversal based on the timeliness of the complaint. In the light of the pure legal question and the interests at stake, the order is appropriate for immediate appeal.

### B. There are substantial grounds for disagreement on the legal issue

The order involves an unsettled issue that raises substantial grounds for disagreement. The question concerns which portions of Florida law concerning the statute of limitations are imported into Section 1983 actions. The Reconstruction Civil Rights Acts, which, absent exceptions inapplicable here,[2]

---

Section 1983 claims. *Owens v. Okure*, 488 U.S. 235, 236, 243 (1989) (rejecting as "manifestly inappropriate" the approach of some lower courts that selected the most analogous state statute of limitations for intentional torts and holding "that the residual or general personal injury statute of limitations applies"). Neither argument renders her claims timely.

[2] *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 375 (2004) (applying the "4-year statute of limitations for 'civil actions arising under an Act of Congress enacted after' December 1, 1990" to Section 1981 claims).

do not include certain rules of decision, such as a statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 266 (1985). Section 1988 of Title 42 provides a process for discerning rules necessary "to furnish suitable remedies and punish offenses against law." *See* 42 U.S.C. § 1988(a). First, a court looks to federal law. *See Wilson*, 471 U.S. at 267 (citing *Burnett v. Grattan*, 468 U.S. 42, 47–48 (1984)). Where "no suitable federal rule exists," or the federal law is "deficient," a court turns to "the common law, as modified and changed by the constitution and statutes of the [forum state]." *Id.* (citing 42 U.S.C. § 1988). If the state's rule of decision "is not inconsistent with the Constitution and laws of the United States," 42 U.S.C. § 1988(a), the court "borrow[s]" the rule. *Wilson*, 471 U.S. at 269.

With that procedure in mind, because Section 1983 lacks an express statute of limitations, federal courts adopt the forum state's limitations rule for personal injury torts. *Wallace*, 549 U.S. at 387; *Doe as Next Friend of Doe #6 v. Swearingen*, 51 F.4th 1295, 1302–03 (11th Cir. 2022) ("The statute of limitations for a Section 1983 claim is 'governed by the forum state's residual personal injury statute of limitations.' ") (quoting *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999)). Similarly, courts "generally refer[]to state law for tolling rules," *Wallace*, 549 U.S. at 394, although not for accrual, *id.* at 388.

In *Moore*, the Eleventh Circuit accepted an interlocutory appeal to consider whether another type of timeliness rule—a rule of repose—applies to claims under Sections 1981 and 1982. At issue was "Alabama's judicially created rule of repose," which barred certain claims that were "brought more than twenty years after the time when [they] first could have been." *Moore*, 267 F.3d at 1214. Notably, the scope of the judicially created rule in Alabama remained unclear, including "whether the rule applies to personal injury actions." *See id.*

The Eleventh Circuit held that the rule of repose did not apply to the plaintiffs' claims. It applied *Felder v. Casey*, 487 U.S. 131, 140 (1988), which requires "determining whether the Reconstruction-era Civil Rights Acts are deficient in some manner that requires borrowing from the law of the forum state." *Id.* at 1215. The court asked whether a blanket statute of repose was "among the 'universally familiar' aspects of litigation," and "indispensable to any scheme of justice." *Id.* (quoting *Felder*, 487 U.S. at 140). Given that "blanket rules of repose, as opposed to statutes of limitations, are rare in federal statutory schemes," the court answered "no" to both questions. *See id.*

The court then considered whether Alabama's rule of repose was "necessary to effect [the] statute [of limitations]," again concluding no. *Id.* at 1217. The court explained that "Alabama maintains several distinct doctrines that provide for time limits on causes of action, among them a rule of repose

and a set of statutes of limitations." *Id.* at 1218. Moreover, "[t]here [was] nothing in Alabama's case law that suggests that its statutes of limitations and rules of repose are interdependent in any way," and the two have "unique rules of application." *Id.* at 1219. Thus, the court concluded, while tolling doctrines were "intrinsic to [the] appropriate application" of a statute of limitations, Alabama's judicially created rule of repose was not. *See id.* at 1217, 1219.

Cadle's action presents a much closer question than in *Moore* because the tolling and repose provisions are inextricable. The Florida legislature provided four years to bring most tort actions in the applicable "personal injury" statute of limitations governing Cadle's claims. *See* 95.11(3) Fla. Stat. (2022). In a separate section of the Florida Statutes, the Florida legislature included a repose period as part of the same sub-section as the applicable tolling period. *See* § 95.051(1)(i), Fla. Stat. The first sentence of § 95.051(1)(i) tolls the statute of limitations and explains the relevant tolling criteria, and the second sentence sets a seven-year period of repose from "the act, event, or occurrence giving rise to the cause of action":

> The running of the time under any statute of limitations . . . is tolled by . . . . (i) The minority . . . of the person entitled to sue during any period of time in which a parent, guardian, or guardian ad litem . . . has an interest adverse to the minor . . . . In any event, the action must be begun within 7 years after the act, event, or occurrence giving rise to the cause of action.

§ 95.051(1)(i), Fla. Stat.

Notably, this subsection providing for tolling for minors and a mandatory seven-year repose period is distinct from other generic tolling subsections, *see* §§ 95.051(a)–(h), Fla. Stat., as well as separate from the underlying statute of limitations for personal injury torts upon which the basic rule governing Section 1983 relies, *see* § 95.11, Fla. Stat. Moreover, Florida has statutes of repose that are untethered to any particular tolling provision. *See Saadi v. Maroun*, 157 F.4th 1353, 1362 (11th Cir. 2025) ("On our review of the relevant Florida law, there is substantial uncertainty regarding whether § 95.051 tolls only statutes of limitations, or also tolls statutes of repose." (discussing § 726.110, Fla. Stat.)).

In contrast, § 95.051(1)(i) groups tolling and repose together in this particular context. As such, the Florida legislature clearly conceived of tolling and repose as related rules governing the timeliness of filings, likely animated by similar policy concerns of finality and fairness. Applying one but not the other requires selecting among an integrated limitations scheme. The repose period here is not any more "additional" and "distinct" from the limitations period than the tolling period. *See Moore*, 267 F.3d at 1217. In the light of this dichotomy, substantial grounds for disagreement remain as to whether to apply Florida's rule of repose in Section 1983 actions.

## IV. CONCLUSION

In sum, which portions of Florida's limitations provisions apply to Section 1983 actions presents an important question about federal law with broad implications for this Circuit. Resolution of an interlocutory appeal concerning this pure legal question would bring clarity to the parties without unnecessary and protracted litigation and is case dispositive.

Accordingly, the following is **ORDERED**:

1. The previous Order on the PCSO Defendants' Motion to Dismiss (Doc. 65) is **AMENDED** to include this supplemental order and the Section 1292(b) certification.

2. The Order on the Motion to Dismiss (Doc. 65), including this amendment, is **CERTIFIED** for immediate, interlocutory appeal to the Eleventh Circuit.

3. Any party that intends to appeal must do so no later than **ten (10)** days after the entry of this order. *See* FED. R. APP. P. 5(a)(1).

**ORDERED** in Tampa, Florida, May 21, 2026.

Kathryn Kimball Mizelle
United States District Judge

11