UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAYLOR CADLE, an individual,

      Plaintiff,

v.                                 Case No.: 8:25-cv-02790-KKM-SPF

GRADY JUDD (in his individual capacity
and official capacity), MELISSA TURNAGE
(in her individual capacity), WILLIAM
RUSHING (in his individual capacity),
HENRY CADLE

      Defendants.

_____/

## DEFENDANTS GRADY JUDD, MELISSA TURNAGE, AND WILLIAM RUSHING'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, Grady Judd (in his individual capacity and official capacity) Melissa Turnage (in her individual capacity), and William Rushing (in his individual capacity), by and through the undersigned counsel answers Counts I-VII, of Plaintiff's Amended Complaint (Doc. No. 66) as follows:

## JURISDICTION AND VENUE

1.    Admitted for jurisdictional purposes only.

2.    Admitted for venue purposes only.

3.    Admitted for venue purposes only.

{01431987-1 }                      1

## JURY DEMAND

4. Denied.

## PARTIES

5. Without knowledge, therefore denied.

6. Admitted that Gray Judd was at all material times Sheriff of Polk County.

7. Admitted.

8. Denied.

9. Denied.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Without knowledge, therefore denied.

15. Without knowledge, therefore denied.

16. Without knowledge, therefore denied.

17. Without knowledge, therefore denied.

## FACTUAL ALLEGATIONS

18. Without knowledge, therefore denied.

19. Without knowledge, therefore denied.

20.  Without knowledge, therefore denied.

21.  Without knowledge, therefore denied.

22.  Without knowledge, therefore denied.

23.  Without knowledge, therefore denied.

24.  Without knowledge, therefore denied.

25.  Without knowledge, therefore denied.

26.  Denied.

27.  Denied.

28.  Denied.

29.  Denied.

30.  Denied.

31.  Denied.

32.  Denied.

33.  Denied.

34.  Denied.

35.  Denied.

36.  Denied.

37.  Denied.

38.  Denied.

39.  Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Without knowledge, therefore denied.

57. Without knowledge, therefore denied.

58. Without knowledge, therefore denied.

59. Without knowledge, therefore denied.

60. Without knowledge, therefore denied.

61. Without knowledge, therefore denied.

62. Denied.

63. Without knowledge, therefore denied.

64. Without knowledge, therefore denied.

65. Without knowledge, therefore denied.

66. Without knowledge, therefore denied.

67. Without knowledge, therefore denied.

68. Without knowledge, therefore denied.

69. Without knowledge, therefore denied.

70. Without knowledge, therefore denied.

71. Without knowledge, therefore denied.

72. Without knowledge, therefore denied.

73. Without knowledge, therefore denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Admitted.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

## THE PCSO'S UNLAWFUL AND/OR UNCONSTITUTIONAL PRACTICES AND THE RATIFICATION AND ENCOURAGEMENT OF SAME BY DEFENDANT JUDD

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

{01431987-1}                                     6

98.  Denied.

99.  Denied.

100.  Denied.

101.  Denied.

102.  Denied as to this allegation and each of the subparts are responded to as follows:

    a. Denied as to this allegation's subpart.

    b. Denied as to this allegation's subpart.

    c. Denied as to this allegation's subpart.

    d. Denied as to this allegation's subpart.

    e. Denied as to this allegation's subpart.

103.  Denied as to this allegation and each of the subparts are responded to as follows:

    a. Denied as to this allegation's subpart.

    b. Denied as to this allegation's subpart

    c. Denied as to this allegation's subpart

104.  Denied.

105.  Denied.

106.  Denied,

107.  Denied.

108.   Denied.

109.   Denied.

## COUNT I:
## 42 U.S.C § 1983 – MALICIOUS PROSECUTION – FOURTH AMENDMENT
*(Plaintiff Taylor Cadle vs. Defendant Melissa Turnage – Individual Capacity)*

110.   Defendants reassert their answers to paragraphs 1-109.

111.   Denied.

112.   Admitted.

113.   Denied.

114.   Denied.

115.   Denied.

116.   Denied.

117.   Denied.

118.   Without knowledge, therefore denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

## COUNT II:
## 42 U.S.C § 1983 – SUBSTANTIVE DUE PROCESS – FOURTEENTH AMENDMENT
*(Plaintiff Taylor Cadle vs. Defendant Melissa Turnage – Individual Capacity)*

124. Defendants reassert their answers to paragraphs 1-109.

125. Denied.

126. Denied as to this allegation and each of the subparts are responded to as follows:

    a. Denied as to this allegation's subpart.

    b. Denied as to this allegation's subpart.

    c. Denied as to this allegation's subpart.

    d. Denied as to this allegation's subpart.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

## COUNT III:
## 42 U.S.C § 1983 – MALICIOUS PROSECUTION – FOURTH AMENDMENT
*(Plaintiff Taylor Cadle vs. Defendant William Rushing – Individual Capacity)*

133. Defendants reassert their answers to paragraphs 1-109.

134. Denied.

135. Without knowledge, therefore denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

**COUNT IV:**
**42 U.S.C § 1983 – FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE**
*(Plaintiff Taylor Cadle vs. Defendant Sherriff Grady Judd – Official Capacity)*

147. Defendants reassert their answers to paragraphs 1-109.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied as to this allegation and each of the subparts are responded to as follows:

    a. Denied as to this allegation's subpart.

    b. Denied as to this allegation's subpart.

    c. Denied as to this allegation's subpart.

154. Denied as to this allegation and each of the subparts are responded to as follows:

    a. Denied as to this allegation's subpart.

    b. Denied as to this allegation's subpart.

    c. Denied as to this allegation's subpart.

    d. Denied as to this allegation's subpart.

    e. Denied as to this allegation's subpart.

    f. Denied as to this allegation's subpart.

155. Denied as to this allegation and each of the subparts are responded to as follows:

    a. Denied as to this allegation's subpart.

    b. Denied as to this allegation's subpart.

    c. Denied as to this allegation's subpart.

    d. Denied as to this allegation's subpart.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

## COUNT V:
## 42 U.S.C § 1983 – FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE
*(Plaintiff Taylor Cadle vs. Defendant Sheriff Grady Judd – Individual Capacity)*

161. Defendants reassert their answers to paragraphs 1-109.

162. Denied.

163. Denied as to this allegation and each of the subparts are responded to as follows:

   a. Denied as to this allegation's subpart.

   b. Denied as to this allegation's subpart.

   c. Denied as to this allegation's subpart.

   d. Denied as to this allegation's subpart.

164. Denied.

165. Denied as to this allegation and each of the subparts are responded to as follows:

   a. Denied as to this allegation's subpart.

   b. Denied as to this allegation's subpart.

    c. Denied as to this allegation's subpart.

    d. Denied as to this allegation's subpart.

    e. Denied as to this allegation's subpart.

    f. Denied as to this allegation's subpart.

166. Denied as to this allegation and each of the subparts are responded to as follows:

    a. Denied as to this allegation's subpart.

        i. Denied as to this allegation's subpart

        ii. Denied as to this allegation's subpart

        iii. Denied as to this allegation's subpart

        iv. Denied as to this allegation's subpart

        v. Denied as to this allegation's subpart

    b. Denied as to this allegation's subpart.

    c. Denied as to this allegation's subpart.

    d. Denied as to this allegation's subpart.

    e. Denied as to this allegation's subpart.

        i. Denied as to this allegation's subpart

        ii. Denied as to this allegation's subpart

        iii. Denied as to this allegation's subpart

167. Denied.

168. Denied as to this allegation and each of the subparts are responded to as follows:

    a. Denied as to this allegation's subpart.

    b. Denied as to this allegation's subpart.

    c. Denied as to this allegation's subpart.

    d. Denied as to this allegation's subpart.

169. Denied.

170. Denied as to this allegation and each of the subparts are responded to as follows:

    a. Denied as to this allegation's subpart.

    b. Denied as to this allegation's subpart.

    c. Denied as to this allegation's subpart.

    d. Denied as to this allegation's subpart.

171. Denied.

172. Denied as to this allegation and each of the subparts are responded to as follows:

    a. Denied as to this allegation's subpart.

    b. Denied as to this allegation's subpart.

    c. Denied as to this allegation's subpart.

    d. Denied as to this allegation's subpart.

173. Denied as to this allegation and each of the subparts are responded to as follows:

   a. Denied as to this allegation's subpart.

   b. Denied as to this allegation's subpart.

   c. Denied as to this allegation's subpart.

   d. Denied as to this allegation's subpart.

174. Denied as to this allegation and each of the subparts are responded to as follows:

   a. Denied as to this allegation's subpart.

   b. Denied as to this allegation's subpart.

   c. Denied as to this allegation's subpart.

   d. Denied as to this allegation's subpart.

   e. Denied as to this allegation's subpart.

   f. Denied as to this allegation's subpart.

175. Denied.

176. Denied.

177. Denied as to this allegation and each of the subparts are responded to as follows:

   a. Denied as to this allegation's subpart.

   b. Denied as to this allegation's subpart.

c.  Denied as to this allegation's subpart.

d.  Denied as to this allegation's subpart.

e.  Denied as to this allegation's subpart.

f.  Denied as to this allegation's subpart.

g.  Denied as to this allegation's subpart.

h.  Denied as to this allegation's subpart.

i.  Denied as to this allegation's subpart.

j.  Denied as to this allegation's subpart.

k.  Denied as to this allegation's subpart.

l.  Denied as to this allegation's subpart.

178.  Denied.

179.  Denied.

180.  Denied.

181.  Denied.

182.  Denied.

## COUNT VI:
## 42 U.S.C § 1983 – POLICY, PRACTICE, CUSTOM
*(Plaintiff Taylor Cadle vs. Defendant Sherriff Grady Judd – Official Capacity)*

183.  Defendants reassert their answers to paragraphs 1-109.

184.  Admitted.

185.  Denied.

186. Denied as to this allegation and each of the subparts are responded to as follows:

    a.  Denied as to this allegation's subpart.

    b.  Denied as to this allegation's subpart.

    c.  Denied as to this allegation's subpart.

    d.  Denied as to this allegation's subpart.

    e.  Denied as to this allegation's subpart.

187. Denied.

188. Denied.

189. Denied as to this allegation and each of the subparts are responded to as follows:

    a.  Denied as to this allegation's subpart.

    b.  Denied as to this allegation's subpart.

    c.  Denied as to this allegation's subpart.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

194. Denied.

## COUNT VII:
## 42 U.S.C § 1983 – POLICY, PRACTICE, CUSTOM
*(Plaintiff Taylor Cadle vs. Defendant Sherriff Grady Judd – Individual Capacity)*

195.    Defendants reassert their answers to paragraphs 1-109.

196.    Admitted.

197.    Denied as to this allegation and each of the subparts are responded to as follows:

    a.    Denied as to this allegation's subpart.

    b.    Denied as to this allegation's subpart.

    c.    Denied as to this allegation's subpart.

    d.    Denied as to this allegation's subpart.

    e.    Denied as to this allegation's subpart.

    f.    Denied as to this allegation's subpart.

198.    Denied as to this allegation and each of the subparts are responded to as follows:

    a.    Denied as to this allegation's subpart.

    b.    Denied as to this allegation's subpart.

    c.    Denied as to this allegation's subpart.

    d.    Denied as to this allegation's subpart.

    e.    Denied as to this allegation's subpart.

    f.    Denied as to this allegation's subpart.

199. Denied.

200. Denied as to this allegation and each of the subparts are responded to as follows:

    a. Denied as to this allegation's subpart.

    b. Denied as to this allegation's subpart.

    c. Denied as to this allegation's subpart.

    d. Denied as to this allegation's subpart.

    e. Denied as to this allegation's subpart.

    f. Denied as to this allegation's subpart.

    g. Denied as to this allegation's subpart.

201. Denied.

202. Denied.

203. Denied.

204. Denied as to this allegation and each of the subparts are responded to as follows:

    a. Denied as to this allegation's subpart.

    b. Denied as to this allegation's subpart.

    c. Denied as to this allegation's subpart.

    d. Denied as to this allegation's subpart.

    e. Denied as to this allegation's subpart.

205. Denied.

206. Denied as to this allegation and each of the subparts are responded to as follows:

a. Denied as to this allegation's subpart.

b. Denied as to this allegation's subpart.

c. Denied as to this allegation's subpart.

d. Denied as to this allegation's subpart.

e. Denied as to this allegation's subpart.

f. Denied as to this allegation's subpart.

g. Denied as to this allegation's subpart.

h. Denied as to this allegation's subpart.

i. Denied as to this allegation's subpart.

j. Denied as to this allegation's subpart.

k. Denied as to this allegation's subpart.

l. Denied as to this allegation's subpart.

207. Denied.

208. Denied.

209. Denied.

## COUNT VIII:
## SEXUAL BATTERY (RAPE)
*(Plaintiff Taylor Cadle vs. Defendant Henry Cadle)*

210. The allegations of Count VIII are not directed toward Defendants, Grady Judd (in his individual capacity and official capacity) Melissa Turnage (in her individual capacity), and William Rushing (in his individual capacity),and thus no response is required.

## COUNT IX:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
*(Plaintiff Taylor Cadle vs. Defendant Henry Cadle)*

211. The allegations of Count IX are not directed toward Defendants, Grady Judd (in his individual capacity and official capacity) Melissa Turnage (in her individual capacity), and William Rushing (in his individual capacity),and thus no response is required.

## COUNT X:
## INVASION OF PRIVACY
*(Plaintiff Taylor Cadle vs. Defendant Henry Cadle)*

212. The allegations of Count X are not directed toward Defendants, Grady Judd (in his individual capacity and official capacity) Melissa Turnage (in her individual capacity), and William Rushing (in his individual capacity),and thus no response is required.

213. Any allegation not expressly admitted is denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Qualified Immunity

Defendants are entitled to qualified immunity because at all times material, they were acting within the scope of their discretionary authority, and any allegedly wrongful act(s) did not violate clearly established law measured under an objective standard. Defendants' actions were objectively reasonable under the circumstances presented and were implemented for lawful law enforcement and/or governmental purposes.

### Second Affirmative Defense: Probable Cause

The facts and circumstances within Defendants' knowledge would have caused a prudent person to believe that Plaintiff had committed, had been committing, or had been about to commit an offense. Thus, Defendants' had probable cause and certainly arguable probable cause and their actions were objectively reasonable based on the totality of the circumstances, and were committed in good faith, and were within the course and scope of their official duties.

### Third Affirmative Defense: Monell

Plaintiff's claims against Defendant, Grady Judd in his official capacity, are barred given the lack of any continuing, widespread, persistent pattern of unconstitutional conduct; the lack of any deprivation of any constitutional right of

Plaintiff by way of this Defendant's actions, policies, customs, training, or supervision; the lack of any evidence of deliberate indifference to the substantial risk of serious harm; and the lack of being the moving force of a constitutional violation that resulted in Plaintiff's damages.

**Fourth Affirmative Defense: Comparative and Third-Party Responsibility**

The injuries and damages alleged by Plaintiff are due in whole or in part to the actions, inactions, carelessness, or negligence of Plaintiff and of a Third Party so that Plaintiff's claim should be entirely denied or reduced in accordance with the percentages of negligence or intentional acts.

**Fifth Affirmative Defense: Failure to State a Cause of Action
as to Grady Judd in his Individual Capacity**

Plaintiff's Second Amended Complaint fails to state a cause of action upon which relief may be granted against Grady Judd in his individual capacity, given the fact that the allegations are insufficient to establish supervisory or other liability as to policies, customs, failure to train, or otherwise.

**Sixth Affirmative Defense: Statute of Limitations**

Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitation, including but not limited to the limitations set forth in Florida Statutes Chapter 95, as tolled under § 95.051 (1) (i).

## Seventh Affirmative Defense: 11th Amendment Immunity

Defendant, Grady Judd in his official capacity, is entitled to all immunities provided by the 11th Amendment to the United States Constitution.

## Eighth Affirmative Defense: Independent and Intervening Cause

Defendants' deny that any damages or injuries Plaintiff allegedly sustained were proximately caused, either directly or indirectly, in whole or in part, by the actions, negligence, or deliberate indifference of Defendants. To the contrary, Plaintiff's alleged damages or injuries were proximately caused by an independent or efficient intervening cause.

## Eight Affirmative Defense: Collateral Source

Plaintiff has received or has available collateral sources so that her recovery, if any, should be reduced by the amount of such collateral sources.

## Ninth Affirmative Defense: Failure to State a Cause of Action for Special or Punitive Damages

Plaintiff's Second Amended Complaint utterly fails to state a legal or factual basis for special or punitive damages against Defendants.

## Tenth Affirmative Defense: Shotgun Complaint

The Second Amended Complaint is a quintessential shotgun pleading which the 11th Circuit has repeatedly and consistently condemned, is replete with

conclusory, vague and immaterial allegations, and fails to allege a short and plain statement of plausible allegations giving fair notice of Plaintiff's claims.

## **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished via ECF to Brenda Harkavy, Esq., Counsel for Taylor Cadle, Respectfully submitted on May 22, 2026, by:

> *s/ Hank B. Campbell*
> HANK B. CAMPBELL
> Florida Bar No. 434515
> h.campbell@cttalaw.com
> THOMAS L. DUDASH
> Florida Bar No. 1044473
> t.dudash@cttalaw.com
> CAMPBELL TROHN
> TAMAYO & ARANDA, P.A.
> Post Office Box 2369
> Lakeland, Florida  33806-2369
> (863) 686-0043
> *Attorneys for Defendants*

{01431987-1 }                                     25