UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| TAYLOR CADLE,<br><br>                    Plaintiff,<br><br>                    -v-<br><br>GRADY JUDD (in his individual<br>capacity and official capacity),<br>MELISSA TURNAGE (in her<br>individual capacity),<br>WILLIAM RUSHING (in his<br>individual capacity), and<br>HENRY CADLE<br><br>                    Defendants. | Case No.: 8:25-cv-02790-KKM-SPF<br><br>JOINT AND UNOPPOSED<br>MOTION TO STAY<br>DISTRICT COURT<br>PROCEEDINGS<br>PENDING RESOLUTION OF<br>INTERLOCUTORY APPEAL AND<br>INCORPORATED<br>MEMORANDUM<br>OF LAW |

Plaintiff, Taylor Cadle, and Defendants Grady Judd, Melissa Turnage, and William Rushing ("the PCSO Defendants,") and together with Plaintiff, (the "Parties"), jointly move this Court, pursuant to 28 U.S.C. § 1292(b) and the Court's inherent authority to manage its docket, to stay all district court proceedings pending the final disposition of the interlocutory appeal proceeding in Case No. 26-90014-J (the "Petition"). Due to the imminent case management deadlines established by the Amended CMSO (ECF No. 68), including the Court's July 17, 2026, Endorsed Order directing the Parties to confer and file a notice of mediation no later than July 24, 2026, the Parties

1

jointly request that the Court rule on this Motion on or before July 24, 2026, or in the alternative, administratively stay all case management deadlines pending its ruling.

The filing of a § 1292(b) petition "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b). This motion requests such an Order.

In this Court's May 21, 2026, Order, this Court certified to the Eleventh Circuit that whether the language in Fla. Stat. § 95.051(1)(i), referring to a seven year limitation in which to bring an action, constituted a statute of repose that is borrowed into § 1983 actions is (1) a controlling question of law, (2) one as to which substantial grounds for difference of opinion exist, and (3) one whose immediate appellate resolution may materially advance the ultimate termination of this litigation. ECF No. 69 at 2. The PCSO Defendants have since sought review in the Eleventh Circuit. This Court's certification, and the subsequent actions by the PCSO Defendants to seek review, supports a stay of district court proceedings until the action now before the Eleventh Circuit is disposed of.

The certified question before the Eleventh Circuit presents a threshold legal issue that this Court found controlling and appropriate for immediate appellate resolution. The Parties and the Court should not commit to months of expensive merits litigation, expert retention, depositions of multiple

witnesses, *Daubert* briefing, and dispositive motion practice, while that threshold determination is pending. Section 1292(b) was designed for exactly this situation. The Parties are days away from case management deadlines, including expert disclosures, mediation scheduling, and related obligations, that will trigger substantial costs on both sides. There is no sound reason to incur those costs before the Eleventh Circuit speaks.

No party will be prejudiced by a stay and the Parties file this motion jointly. The Court is spared supervising months of merits discovery on claims that may ultimately be dismissed. If the Eleventh Circuit affirms, proceedings resume with the case fully intact, and the existing trial term is preserved.

## **PROCEDURAL BACKGROUND**

Plaintiff Taylor Cadle initiated this action on October 10, 2025, and filed her First Amended Complaint ("FAC") on October 24, 2025 (ECF No. 14), asserting claims under 42 U.S.C. § 1983 for malicious prosecution under the Fourth Amendment, substantive due process under the Fourteenth Amendment, and Monell and supervisory liability against Defendants Grady Judd (Sheriff, Polk County), Melissa Turnage (Detective, PCSO), and William Rushing (Detective, PCSO). Plaintiff also asserted supplemental state law claims against private defendant Henry Cadle.

3

On December 19, 2025, the PCSO Defendants moved to dismiss the FAC in part on the ground that Plaintiff's § 1983 claims were time-barred under the seven-year statutory language of Fla. Stat. § 95.051(1)(i). ECF No. 39.

On March 18, 2026, Plaintiff filed a Notice of Mediation (ECF No. 62) identifying Rodney Max as mediator, with mediation initially set for August 24, 2026, with the consent of the PCSO Defendants. On March 23, 2026, the Court ordered that the mediation was to proceed in accordance with the Notice of Mediation filed with consent of the parties (ECF No. 63). The PCSO Defendants thereafter changed their position and stated their intention to decline to proceed with the selected mediator on the ground that he charged travel fees, notwithstanding their prior written agreement to use him and the Court's mediation order then in place. Despite this, in an effort to cooperate, Plaintiff continued to make efforts with the PCSO Defendants to find another mediator that the parties could agree upon.

On April 14, 2026, the Court denied the motion to dismiss, holding that under *Moore v. Liberty National Life Insurance Co.*, 267 F.3d 1209, 1217–19 (11th Cir. 2001), federal courts do not borrow state statutes of repose when adjudicating § 1983 claims. ECF No. 65. The April 14, 2026, Order (the "Order") constitutes the controlling decision for purposes of the certified question; it was decided on the FAC. ECF No. 65 at 1.

4

On May 18, 2026, the Court entered the Amended Case Management and Scheduling Order (ECF No. 68, the "Amended CMSO") establishing the current case management deadlines, which include:

| Deadline | Current Date |
|---|---|
| Mediation Notice Deadline | July 12, 2026 |
| Plaintiff Expert Disclosure | August 3, 2026 |
| Defendant Expert Disclosure | August 31, 2026 |
| Rebuttal Expert Disclosure | September 18, 2026 |
| Discovery Cut-Off and Discovery Related Motions | October 19, 2026 |
| Dispositive and Daubert Motions | November 5, 2026 |
| Mediation Deadline | November 19, 2026 |
| Pretrial Conference | April 8, 2027 |
| Trial Term | May 2027 |

On May 21, 2026, the Court amended the April 14, 2026, Order to certify the timeliness ruling for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (ECF No. 69, the "Certification Order"). The Court found that the

question of whether the seven-year limitation language in § 95.051(1)(i) is a statute of repose that applies to § 1983 claims: (a) is a controlling question of law; (b) involves substantial grounds for difference of opinion; and (c) would, if resolved by immediate appeal, materially advance the ultimate termination of the litigation. ECF No. 69 at 2.

On May 28, 2026, the PCSO Defendants filed a Petition for Permission to Appeal pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 5 in the Eleventh Circuit. The proceeding was docketed as Case No. 26-90014-J. Private defaulted defendant Henry Cadle was included as a Petitioner despite being a party only to Plaintiff's state law claims.

On June 9, 2026, counsel for the PCSO Defendants represented to Plaintiff's counsel that the PCSO Defendants intended to file a motion to stay district court proceedings pending resolution of the interlocutory appeal. Plaintiff's counsel reasonably relied on that representation in deferring further mediation efforts. As of the date of this filing, the PCSO Defendants have not filed a motion to stay.

On June 15, 2026, Plaintiff filed her Answer in Opposition to the Petition.

On June 23, 2026, the Eleventh Circuit dismissed the Petition for non-compliance with the corporate interests and persons' disclosure requirement.

On June 30, 2026, the Eleventh Circuit reinstated the Petition. As of the date of this filing, the Petition is pending before the Eleventh Circuit with Plaintiff's opposition on file.

By Endorsed Order entered July 17, 2026, the Court directed the Parties to confer and file a notice of mediation no later than July 24, 2026.

### LEGAL STANDARD

Section 1292(b) expressly authorizes the district court to stay proceedings pending a certified interlocutory appeal. The statute provides that an application for interlocutory appeal "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b). That provision contemplates an affirmative stay order by this Court. The decision to issue such an order is discretionary. In exercising that discretion, courts consider the congressional purpose underlying § 1292(b): to permit appellate courts to resolve threshold legal questions that, depending on the answer, may eliminate the need for full merits litigation. A stay of proceedings is the practical complement to that purpose.

Independently, the Court retains inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In exercising that authority, courts assess: (1) whether the moving

party would suffer hardship or inequity absent a stay; (2) the potential prejudice to the non-moving party if a stay is granted; and (3) the orderly course of justice, including whether a stay would simplify the issues and conserve resources. *Id.* at 254–55; *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997). The M.D. Fla. Civil Discovery Handbook recognizes that "unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden." This case presents such circumstances: the threshold question at issue has been decided by this Court, is already before the Eleventh Circuit, and will be resolved by the appellate court on purely legal grounds, without any further factual development.

## ARGUMENT

### I. SECTION 1292(b) EXPRESSLY AUTHORIZES THIS COURT TO STAY PROCEEDINGS PENDING THE CERTIFIED APPEAL

Section 1292(b) does not automatically stay district court proceedings when a petition is filed. It requires an affirmative order. Congress structured the statute this way because stays of district court proceedings are consequential: they pause litigation while a threshold legal question is resolved at the appellate level. When a district court has certified such a question, as this Court has done, the decision whether to stay proceedings pending the Circuit's answer is precisely the discretionary determination § 1292(b) contemplates the district court to make.

8

The stay requested here is distinct from the discretionary stay of discovery pending resolution of a district court's own dispositive motion, which courts in this District disfavor absent unusual circumstances. *See* M.D. Fla. Civil Discovery Handbook, § E (Stays of Discovery). Here, no district court motion is pending. The threshold legal question has already been decided by this Court and is now before the Eleventh Circuit. No additional factual record is needed. The Eleventh Circuit will decide the certified question as a matter of law. Staying district court proceedings while it does so is consistent with, not contrary to, this Court's standard practice concerning stays of discovery pending dispositive motions. The difference is magnitude: this is not a stay pending a motion that may or may not be granted; it is a stay pending the resolution of a certified legal question that the Court itself has determined controls whether this litigation continues. Courts in this District recognize that this is the paradigmatic circumstance for a stay: where a court certifies an order for interlocutory appeal "with a view to obviating the potential need for a second trial," a stay pending disposition of the appeal "would inevitably" follow. *U.S. ex rel. Armfield v. Gills*, No. 8:07-CV-2374-T-27TBM, 2011 WL 2084072, at *1 (M.D. Fla. May 24, 2011).

## II.   THE CERTIFIED QUESTION IS DISPOSITIVE; PROCEEDING BEFORE ITS RESOLUTION WOULD RISK SUBSTANTIAL WASTE

**A.    The District Court's Own Certification Findings Compel a Stay**

The findings the Court made to support certification are the same findings that support a stay. The Court found the certified question "controlling," meaning that a ruling in Petitioners' favor would preclude Plaintiff's § 1983 claims and deprive the Court of federal question jurisdiction. ECF No. 69 at 2. If the Eleventh Circuit so rules, no merits proceedings are necessary. The full schedule of merits proceedings that would follow, depositions, motion practice, and trial preparation, would be for nothing. That is precisely the waste § 1292(b) exists to prevent: appellate resolution "materially advance[s] the ultimate termination of the litigation" where it "would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). As Landis itself recognized, a decision resolving the threshold question "may not settle every question" but "in all likelihood will settle many and simplify them all." *Landis*, 299 U.S. at 256.

The Court also found "substantial grounds for difference of opinion." ECF No. 69 at 2. That finding is not merely a jurisdictional predicate for § 1292(b) certification. It is an acknowledgment that the outcome before the Eleventh Circuit is genuinely uncertain. That uncertainty, not the likelihood of any particular outcome, is the reason a stay is warranted.

10

### B. The Approaching Case Management Deadlines Make an Immediate Stay Necessary

Under the Amended CMSO (ECF No. 68), the Parties face a cascade of expensive deadlines beginning within days. Expert disclosures, the close of fact and expert discovery, Daubert motions, and dispositive motions are all set to occur between now and November 5, 2026. Each of those deadlines imposes substantial costs, in time, fees, and judicial resources, on both sides as well as the Court. Each is also rendered unnecessary if the threshold legal question pending before the Eleventh Circuit resolves in a manner that terminates the federal claims. Proceeding through that full schedule while a dispositive appellate question goes unanswered would squander resources that a stay preserves. The Section 1292(b) mechanism exists precisely to avoid that outcome.

## III. THE BALANCE OF HARDSHIPS STRONGLY FAVORS A STAY

### A. The Joint Nature of This Motion Confirms the Absence of Prejudice

This motion is filed jointly by all appearing parties. No party claims prejudice from the requested stay. That agreement is itself dispositive of the prejudice inquiry under *Landis*. Nor does the concern that animated *Clinton v. Jones* apply here. There, the stay was an abuse of discretion because it disregarded the plaintiff's interest in bringing the case to trial and was of indefinite duration. 520 U.S. at 706–08; *see Landis*, 299 U.S. at 255 (cautioning

11

only against a "stay of indefinite duration in the absence of a pressing need"). This stay presents the opposite case: Plaintiff joins the request, the stay's duration is bounded by a discrete, fully briefed appellate proceeding, and the existing trial term is preserved. Courts in this Circuit accordingly stay proceedings pending an appeal likely to control the case in the interest of judicial economy. *See Garcia v. Spruce Servs., Inc.*, 662 F. Supp. 3d 1245 (S.D. Fla. 2023); *Lee v. Perez*, No. 16-CV-81745, 2019 WL 8194957 (S.D. Fla. Jan. 2, 2019) (staying proceedings pending interlocutory appeal "[i]n the interest of judicial efficiency and to save costs for all parties").

### B.    The Court's Own Resources Are Conserved by a Stay

Without a stay, the Court will oversee months of merits proceedings, discovery disputes, motion practice, and trial preparation, all on federal claims whose viability depends on the outcome of a pending appellate proceeding. That is precisely the kind of potentially unnecessary litigation that § 1292(b)'s interlocutory review mechanism was designed to avoid. Staying proceedings until the Eleventh Circuit resolves the certified question is consistent with Rule 1's mandate for the just, speedy, and inexpensive determination of every action, and with this Court's inherent authority to manage its docket efficiently.

## IV.   THE PUBLIC INTEREST SUPPORTS A STAY

The public interest in efficient judicial administration supports a stay. Requiring full merits litigation to proceed concurrently with a pending § 1292(b) appeal on a dispositive threshold question is wasteful of public judicial resources and inconsistent with the congressional purpose behind § 1292(b). The public also has an interest in the correct resolution of the certified legal question before expensive and potentially unnecessary proceedings are required to proceed. The Court recognized the public dimension of the certified question when it noted that the question "has broad application across Section 1983 litigation in Florida." ECF No. 69 at 2. That same public importance counsels in favor of allowing the Eleventh Circuit to speak before the parties and the Court commit further resources to this litigation.

### CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court: (1) stay all district court proceedings in this matter, including all expert disclosure deadlines, discovery, depositions, mediation, Daubert motions, and dispositive motions, pending the Eleventh Circuit's final disposition of the § 1292(b) proceeding in Case No. 26-90014-J; (2) direct the parties to file a joint status report, or appear for a status conference, within fourteen days of the Eleventh Circuit's ruling; (3) relieve the Parties of the July 24, 2026 mediation-notice deadline set by the Court's July 17, 2026 Endorsed Order and hold the mediation obligations under the Amended CMSO in abeyance pending

13

disposition of the appeal; and (4) in the alternative, administratively stay all pending deadlines pending the Court's resolution of this motion. Should the Court wish to enter a proposed order, the Parties will promptly submit one to chambers in Word format. *See* M.D. Fla. Local Rule 3.01(k).

Dated: <u>July 22, 2026</u>                                 Respectfully Submitted,

**/s/ Brenda Harkavy, Esq.**                      **/s/ Hank B. Campbell, Esq.**
Brenda Harkavy, Esq.*                              Hank B. Campbell, Esq.
M. Stewart Ryan, Esq.*                             Florida Bar No. 0434515
Alexandria MacMaster, Esq.*                        Thomas L. Dudash, Esq.
**LAFFEY BUCCI D'ANDREA**                          Florida Bar No. 1044473
**REICH & RYAN**                                   **CAMPBELL TROHN TAMAYO**
1100 Ludlow Street, Suite 300                      **& ARANDA, P.A.**
Philadelphia, PA 19107                             1701 South Florida Avenue
P: (215) 399-9255                                  Post Office Box 2369
CVSRteam@laffeybucci.com                           Lakeland, Florida 33806-2369
*Admitted pro hac vice*                            P: (863) 686-0043
                                                   h.campbell@cttalaw.com
**/s/ Troy Rafferty**                              t.dudash@cttalaw.com
Troy A. Rafferty, Esq.                             i.morfin@cttalaw.com
Florida Bar No. 24120                              *Attorneys for Defendants Judd,*
Madeline E. Pendley, Esq.                          *Turnage, and Rushing*
Florida Bar No. 1019746
**Rafferty, Domnick, Cunningham**
**& Yaffa**
815 S. Palafox St., 3rd Floor
Pensacola, FL 32502
P: 850-208-0826
troy@pbglaw.com
*Attorneys for Plaintiff Taylor Cadle*

14

# LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for the Parties certify that counsel for Plaintiff and the PCSO Defendants conferred regarding the relief requested in this motion and agree to all of that relief, as reflected by the joint filing of tis motion. Defendant Henry Cadle is in default and is a party only to Plaintiff's state-law claims; conferral with him is therefore not required.

Dated: <u>July 22, 2026</u>                                    Respectfully Submitted,


**/s/ Brenda Harkavy, Esq.**
Brenda Harkavy, Esq.*
M. Stewart Ryan, Esq.*
Alexandria MacMaster, Esq.*
**LAFFEY BUCCI D'ANDREA REICH & RYAN**
1100 Ludlow Street, Suite 300
Philadelphia, PA 19107
P: (215) 399-9255
CVSRteam@laffeybucci.com
*Admitted pro hac vice*


**/s/ Troy Rafferty**
Troy A. Rafferty, Esq.
Florida Bar No. 24120
Madeline E. Pendley, Esq.
Florida Bar No. 1019746
**Rafferty, Domnick, Cunningham & Yaffa**
815 S. Palafox St., 3rd Floor
Pensacola, FL 32502
P: 850-208-0826
troy@pbglaw.com
*Attorneys for Plaintiff Taylor Cadle*

**/s/ Hank B. Campbell, Esq.**
Hank B. Campbell, Esq.
Florida Bar No. 0434515
Thomas L. Dudash, Esq.
Florida Bar No. 1044473
**CAMPBELL TROHN TAMAYO & ARANDA, P.A.**
1701 South Florida Avenue
Post Office Box 2369
Lakeland, Florida 33806-2369
P: (863) 686-0043
h.campbell@cttalaw.com
t.dudash@cttalaw.com
i.morfin@cttalaw.com
*Attorneys for Defendants Judd, Turnage, and Rushing*

15

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court through the CM/ECF system, which will automatically serve counsel of record.

*/s/ Brenda Harkavy*
Brenda Harkavy, Esq.